```
             UNITED STATES DISTRICT COURT
                      FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA


NICHOLAS J. QUEEN,              :
                                :
         Plaintiff              :
                                :
    v.                          :   CIVIL NO. 3:CV-05-2378
                                :
FEDERAL BUREAU OF PRISONS,      :   (Judge Conaboy)
                                :
         Defendant              :
```
_____

## MEMORANDUM AND ORDER
### Background

Nicholas J. Queen, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action in the United States District Court for the District of Columbia. By Memorandum Opinion and Order dated October 5, 2005, the matter was transferred to this Court. Along with his complaint, Plaintiff has submitted a request for leave to proceed in forma pauperis.[1] For the reasons set forth below, Queen's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

---

1. Queen completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the Warden of USP-Lewisburg to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Named as sole Defendant is the Federal Bureau of Prisons (BOP). The District Court for the District of Columbia correctly characterized Plaintiff's complaint as alleging that the BOP "altered the judgment of the sentencing court" when it "improperly transferred him to serve a state sentence pursuant to a detainer prior to the service of his federal sentence." Doc. 1-3, p. 1.

Queen was sentenced to a two (2) year term of incarceration by a Maryland state court in 1993. Later that same year, he was charged in an eight (8) count federal indictment relating to his participation in armed and unarmed bank robberies. Following a jury trial in the United States District Court for the District of Maryland, Queen was found guilty of federal bank robbery charges and sentenced to a five hundred and sixty-two (562) month term of incarceration. See United States v. Queen, 73 F. 3d 359 (D. Md. 1995).

On October 24, 1994, Plaintiff was mistakenly transferred to USP-Lewisburg for the purpose of serving his federal sentence rather than being returned to the custody of Maryland state officials. Plaintiff was returned to the custody of the State of Maryland on December 16, 1994 for the purpose of completing service of his previously imposed state sentence. Following completion of his state sentence, Queen was transferred back into federal custody on April 24, 1995.

The gist of the Plaintiff's present action is that his federal sentence was improperly altered by the BOP when he was returned to Maryland state custody. His complaint seeks

2

declaratory relief, a ruling which would require the BOP to re-examine his case, as well as compensatory and punitive damages.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit)  § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

It is well-settled that inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriquez, 411 U.S. 475 (1975). As noted above, Queen's complaint indicates that the BOP improperly altered his federal sentence. Thus, as correctly noted by the District Court for the District of Columbia, Queen is clearly attacking the "BOP's determination of the length and service" of his federal sentence. Doc. 1-3, p. 2.

Queen previously raised similar allegations in both an unsuccessful federal habeas corpus petition, See Queen v. Romine, Civil No. 3:CV-98-2074, slip op. (M.D. Pa. Jan. 21, 2000)(Conaboy, J.) and a civil rights action which was summarily dismissed, Queen v. Booth, Civil No. 3:CV-02-0610 (M.D. Pa. May 10, 2002)(Conaboy, J.). The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for

4

declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action.  Id. at 646.

It is apparent that Queen tried to bypass the unsuccessful results from his prior federal actions by reasserting his allegations before a different federal district court.  Pursuant to the standards announced in Edwards, Plaintiff's request for declaratory relief is not properly raised in a civil complaint. Rather, the only appropriate way for Queen to challenge the computation of his federal sentence is via a properly filed habeas corpus petition.

As partial relief, Queen also seeks an award of compensatory and punitive damages. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.

Thus, Queen's requests for monetary damages are premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.  Pursuant to the above discussion, Plaintiff's complaint

will be dismissed, without prejudice.  An appropriate Order will enter.

      AND NOW, THEREFORE, THIS 29th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).
2. The Clerk of Court is directed to close the case.
3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                S/Richard P. Conaboy
                RICHARD P. CONABOY
                United States District Judge